10-3206-cv(L)
Lee v. City of Syracuse, et al.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand eleven.

PRESENT: GUIDO CALABRESI,
         RICHARD C. WESLEY,
         GERARD E. LYNCH,
              *Circuit Judges.*

---

KATHERINE J. LEE,

       *Plaintiff-Appellee-Cross-Appellant,*

  -v.-                                    10-3206-cv(L);
                                          10-3304-cv(XAP);
                                          10-3308-cv(XAP)

CITY OF SYRACUSE, MICHAEL HEENAN, in his individual and official capacity, RICHARD DOUGLAS, in his individual and official capacity, MICHAEL RATHBUN, in his individual capacity, THOMAS GALVIN, CAPTAIN, in his individual and official capacity, MICHAEL KERWIN, in his individual and official capacity, STEVEN THOMPSON, in his individual capacity, GARY MIGUEL, CHIEF OF POLICE, in his individual and official capacity, CITY OF SYRACUSE POLICE DEPARTMENT,

       *Defendants-Appellants-Cross-Appellees.*

---

FOR APPELLANTS:    JESSICA MCKEE, Assistant Corporation
                   Counsel, *for* Juanita Perez Williams,
                   Corporation Counsel, City of Syracuse

                         Office of the Corporation Counsel,
                         Syracuse, NY.

FOR APPELLEES:       A.J. BOSMAN, Bosman Law Firm, L.L.C.,
                     Rome, NY.

Defendants-Appellants-Cross-Appellees, along with Plaintiff-Appellee-Cross-Appellant, appeal from judgment of the United States District Court for the Northern District of New York (Hurd, *J.*) following a jury trial that found in favor of Plaintiff-Appellee-Cross-Appellant Katherine Lee in part, and in favor of Defendants-Appellants-Cross-Appellees ("defendants") in part. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED.**

The defendants make a cavalcade of arguments. First, they argue that the district court erred by denying the City's motion for judgment as a matter of law on Lee's *Monell* claim.[1] We review a district court's denial of a motion for judgment as a matter of law *de novo* and draw all reasonable inferences in favor of the nonmoving party.

---

[1] In *Monell v. Department of Social Services*, the Supreme Court held that in order to establish municipal liability pursuant to 42 U.S.C. § 1983, a plaintiff must demonstrate an injury caused by a municipal policy, custom, or practice. 436 U.S. 658, 690-91 (1978).

*Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). Here, the jury found that the Syracuse Police Department had a custom and practice of retaliating against employees who complained about discrimination. The City argues that the jury's finding that Deputy Chief Heenan – the only individual defendant before the jury – did not violate Lee's constitutional rights precludes *Monell* liability, and that therefore, the district court improperly denied the City's motion for judgment as a matter of law. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

A jury's finding that no individual committed a constitutional violation precludes municipal liability for that individual's acts. *Heller*, 475 U.S. at 799. Municipal liability under § 1983 can only be predicated on *individual* wrongdoing that is carried out in accordance with a municipal policy, custom, or practice. Thus, the dispositive issue is whether the plaintiff pleads an injury caused by individual wrongdoing that is in accordance with a municipal policy, custom, or practice.

Viewing the evidence in the light most favorable to Lee, it is clear that Lee pleaded and proved numerous retaliatory acts by individuals other than Heenan, and that these acts were the result of the Syracuse Police

3

Department's custom and practice of retaliating against employees who complained about discrimination.  As the district court explained, the City "concede[d] there were other decision-makers who took action against [Lee] after her protected activity."  Since Heenan was not the only wrongdoer, the jury's finding that *he* did not violate Lee's constitutional rights does not shield the City from *Monell* liability.  There was a legally sufficient evidentiary basis for the jury to conclude that an individual within the Syracuse Police Department violated Lee's constitutional rights by retaliating against her for complaining about discrimination, and that the retaliation was caused by a City custom or practice.

Second, defendants argue that plaintiff failed to present sufficient evidence that the emotional distress and reputational harm damages she claimed were caused by their retaliatory conduct. *See Patrolmen's Benevolent Ass'n v. City of New York*, 310 F.3d 43, 55 (2d Cir. 2002) ("[T]he mere fact that a constitutional deprivation has occurred does not justify the award of [emotional distress] damages; the plaintiff must establish that she suffered an actual injury caused by the deprivation.").  However, in their motion for judgment as a matter of law, the defendants asked

4

the district court to dismiss plaintiff's claims only "to the extent [she] seeks economic damages." Defendants' causation challenge to plaintiff's emotional distress and reputation damages is therefore waived. *See Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 287 (2d Cir. 1998) (holding that a motion for judgment as a matter of law must be "sufficiently specific to alert the opposing party to the supposed deficiencies in her proof").

Third, defendants argue that the court abused its discretion by admitting testimony by other female Syracuse Police Department officers regarding their own experiences of being retaliated against after complaining about gender discrimination. Defendants argue that the testimony of two of the witnesses was unhelpful to plaintiff's *Monell* claim because those officers were not disciplined after complaining about gender discrimination, but rather were retaliated against in other ways. However, the jury was not instructed that to find against the City on the *Monell* claim it had to find a policy of retaliation *by discipline*. Rather, the charge correctly asked the jury to determine whether the Department "has a pervasive and widespread custom or policy of retaliating against police officers who complain of discrimination." Similarly, the jury

instruction defining a "materially adverse employment action" was not limited to disciplinary actions. Accordingly, the district court did not err by admitting this testimony.

Similarly, we reject defendants' argument that the district court abused its discretion by admitting another officer's testimony that her supervisor allowed male employees to watch pornography at work. This testimony was necessary background for the officer's subsequent testimony that after she filed a complaint about the pornography she was disciplined by Captain Rathbun for conduct for which other officers were not disciplined – testimony that was clearly relevant to plaintiff's *Monell* claim.

Fourth, defendants argue that the jury's award of $400,000 for plaintiff's Title VII and *Monell* retaliation claims was excessive. However, viewing the evidence in the light most favorable to plaintiff, plaintiff demonstrated that the defendants engaged in numerous acts of retaliation of varying degrees of severity over a period of several years, causing plaintiff intense emotional distress. As long ago as 2002, we sustained a $400,000 verdict in a retaliation case brought by another female police officer on similar facts. *See Phillips v. Bowen*, 278 F.3d 103, 110-12

6

(2d Cir. 2002) (noting evidence of ongoing harassment by defendants over five years, testimony about plaintiff's emotional distress, and defendants' unapologetic defense of their treatment of plaintiff).  Accordingly, we reject defendants' argument that the verdict in this case was excessive.

Fifth, defendants claim that the jury's damages award of $200,000 for plaintiff's Title VII retaliation claim and $200,000 for her *Monell* retaliation claim was duplicative, and that the district court therefore erred by denying their motion to reduce the jury's award by half. *See Bender v. City of New York*, 78 F.3d 787, 793 (2d Cir. 1996) ("If two causes of action provide a legal theory for compensating one injury, only one recovery may be obtained.").  However, as defendants acknowledged in their post-argument letter to this court, they never requested a duplicative damages instruction.  While defendants did challenge the district court's proposed verdict form, they argued only that the form created a substantial risk of duplication amongst "*three potential damages* under each cause of action" (*i.e.,* (1) emotional distress damages, (2) reputational damages, and (3) economic damages).  Defendants made no objection to the form's duplication of *causes of action*, which is the

argument that defendants now press on appeal.  Thus, this argument was not properly preserved.

To the extent that defendants claim that the district court's failure to use a duplicative damages instruction or an alternative verdict form amounted to plain error, we disagree.  Unlike the verdict in *Bender*, where we did find plain error, the damages award in this case was (as noted above) not excessive, undercutting any inference that the award was "highly likely to have been artificially inflated by duplication of awards among causes of action."  78 F.3d at 794-95; *see also Martinez v. The Port Auth. of N.Y & N.J.*, 445 F.3d 158, 161 (2d Cir. 2006) (rejecting duplicative damages argument where defendants "failed to establish with any degree of certainty that such double-counting actually or likely occurred in this particular case" (internal quotation marks omitted)).  Under these circumstances, we cannot conclude that the district court's failure to use a duplicative damages instruction or an alternative verdict form was plain error.

Sixth, we reject defendants' argument that plaintiff's counsel improperly sought punitive damages – which were not available in this action – by telling the jury during her closing argument to "send a message" to the Syracuse Police

Department that it should not retaliate against women who complain about gender discrimination. *See Ramirez v. N.Y.C. Off-Track Betting Corp.*, 112 F.3d 38, 40 (2d Cir. 1997) (rejecting argument that use of the phrase "send a message" amounts to *de facto* request for punitive damages).

We also reject plaintiff's arguments on cross-appeal. Plaintiff suggests that the district court abused its discretion by awarding attorneys' fees at an hourly rate of $210, rather than $275. However, as we have recently held, an award of $210 per hour for an experienced civil rights attorney in the Northern District of New York "is located within the range of permissible decisions and does not rest on an erroneous view of the law." *Bergerson v. N.Y. State Office of Mental Health*, 652 F.3d 277, 290 (2d Cir. 2011) (internal quotation marks omitted).

Nor did the district court err in granting summary judgment on plaintiff's sex discrimination claims. First, all of plaintiff's evidence that she herself was denied overtime assignments on the basis of her gender occurred outside of the statute of limitations period for her second lawsuit. Second, while plaintiff may have been denied the opportunity to attend medical appointments during work hours, plaintiff failed to present any evidence that men who

9

work for the department were allowed to go to medical appointments during work hours.  Finally, the district court correctly determined that plaintiff's evidence (including her own deposition testimony) suggested that she was disciplined because the defendants sought to retaliate against her, not because the defendants sought to discriminate against her on the basis of her gender.

We have considered all of the parties' remaining arguments and find them to be without merit.

**AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10